PER CURIAM
*457 Appellant, who is alleged to be a person with an intellectual disability, appeals an order committing her to the Department of Human Services for a period not to exceed one year. See ORS 427.290. She contends that the trial court plainly erred by failing to advise her of all of the possible results of the proceedings, in violation of ORS 427.265(1).[1] The state concedes that the court plainly erred. We agree, accept the state's concession, and reverse the order of commitment.[2]
We have recently held that, in the context of involuntary commitments of persons with intellectual disabilities, a trial court plainly errs if it does not advise a person of all of the possible results of the proceedings, as required by ORS 427.265(1). State v. M. L. S. , 288 Or. App. 117, 118, 404 P.3d 1145 (2017). Here, appellant argues that the trial court failed to advise her that she could be committed for up to one year, and failed to conduct an examination on the record to determine whether appellant knowingly and voluntarily waived her right to be so advised. The state concedes that, although the trial court complied with most of the requirements in ORS 427.265(1), the court failed to advise appellant that she could be committed for a period not to exceed one year. Thus, the state concedes, the trial court plainly erred in failing to advise appellant of the possible results of the proceedings.
We accept the state's concession and, in view of the nature of the proceeding, the relative interests of the parties *458 in the proceeding, the gravity of the violation, and the ends of justice, we conclude that it is appropriate to exercise our discretion to correct the trial court's error in this case. See M. L. S. , 288 Or. App. at 119, 404 P.3d 1145.
Reversed.

ORS 427.265(1) provides:
"At the time that a person who is alleged to have an intellectual disability and to be in need of commitment for residential care, treatment and training is brought before the court, the court shall advise the person of the reason for being brought before the court, the nature of the proceedings and the possible results of the proceedings. The court shall also advise the person of the right to subpoena witnesses and to suitable legal counsel possessing skills and experience commensurate with the nature of the allegations and complexity of the case during the proceedings, and that if the person does not have funds with which to retain suitable legal counsel, the court shall appoint such legal counsel to represent the person. If the person does not request legal counsel, the legal guardian, relative or friend may request the assistance of legal counsel on behalf of the person."

Because we reverse on that basis, we do not address appellant's other assignment of error, challenging the court's determination that, because of an intellectual disability, appellant was unable to provide for her personal needs.